### KELLOW *v.* LONG ISLAND R. CO.

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

EXCESSIVE DAMAGES—PERSONAL INJURIES.

 In an action for personal injuries caused by defendant's negligence it appeared that, in consequence thereof, particularly an injury to the right leg, plaintiff had suffered much pain, and had been confined to his room about four weeks. He had been unable to attend to his business for more than two months. At the time of the trial—three months after the injury—he could not walk without the aid of a stick, and then only with great pain; and there was a probability that the injury to the leg would be permanent. He estimated the value of his services at $50 a week. *Held,* that a verdict for $5,000 should not be set aside as excessive.

Appeal from circuit court, Queens county.

Action by Joseph Kellow, Jr., against the Long Island Railroad Company for personal injuries by a collision on defendant's railroad between two of its trains, on one of which plaintiff was a passenger. Defendant admitted the

negligence of its servants and its liability therefor, and the only question was the amount of damages. At the trial plaintiff testified that the collision occurred on January 14, 1891; that he was thrown to the end of the car, falling on his head, which was bruised and cut; that his wrist was sprained, and his right leg hurt; that he was confined to his room about four weeks; that he had suffered much pain, and that his wrist and leg still gave him pain at the time of the trial, April 22, 1891; that he was still unable to walk, unless he had a stick, and then only a few yards, and doing so caused him great pain; that his leg seemed to be growing worse; that he was engaged in business in partnership with others, and had been unable to go to his place of business until the last of February, and only about 10 days in March, and could not attend to his business in his usual manner; and he estimated that his services at that time would have been of the value of $50 a week. The physicians who attended him also testified to the injuries, and that they were of opinion that there was a contusion of the sciatic nerve of the right leg, and that it was probable that the injury would be permanent. There was a verdict for plaintiff for $5,000, and from a judgment entered thereon, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before DYKMAN and PRATT, JJ.

*E. B. Hinsdale,* for appellant.    *George A. Mott, (Benj. W. Downing,* of counsel,) for respondent.

DYKMAN, J. This action is for the recovery of damages for personal injuries sustained by the plaintiff. Upon the trial the counsel for the defendant admitted the negligence and the liability of the defendant, and stated the question to be one of mere damages. Thereupon the case was submitted to the jury, and the plaintiff received a verdict for $5,000. The defendant has appealed from the judgment entered upon the verdict, and from the order denying a motion for a new trial on the minutes of the court. We are asked (as we often are) to set aside the verdict as excessive, but it is not so large as to make it plainly beyond compensation. The witnesses for the plaintiff described his injuries as serious, and those for the defendant made them less so, and the testimony all went to the jury,—the peculiar tribunal for the determination of such a fact. It is in the settlement of just such questions, where there is no legal standard, that the jury system finds its greatest usefulness; and appellate courts interfere upon questions of mere damages with great reluctance. The verdict is not so large as to be evidence of itself of the presence of any influence beyond the testimony, and, if the testimony introduced in behalf of the plaintiff commanded the belief of the jury, we cannot say the verdict is excessive. The exceptions have all received examination, and we find no error requiring a reversal of the judgment. The judgment and order denying the motion for a new trial should be affirmed, with costs.

PRATT, J., (*concurring.*) The only question submitted to the jury was as to the amount of damages, and we are of opinion that the verdict is not so large that we are warranted in interfering with it. The jury no doubt put faith in the evidence of plaintiff's witnesses as to the extent of the injuries, That was within their province. There was no error of law committed, and the judgment must be affirmed.